IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLASTUL FELIZ            :         CIVIL ACTION

       v.                     :

BRENDA TRITT, et al.         :        NO. 15-6185

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                  March 22, 2016
United States Magistrate Judge

       Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution at

Frackville, Pennsylvania.  For the reasons stated below, the court recommends that the petition

be dismissed as barred by the one-year statute of limitations governing federal habeas corpus

petitions.

## I.     BACKGROUND

       On November 5, 1999, petitioner was charged with receiving stolen property and

conspiracy regarding the possession of a stolen vehicle which occurred on November 5, 1999

(No. CP-06-CR-4900-1999 (C.P. Berks Cty.)).  On January 19, 2000, the court placed petitioner

on ARD for the offense.

       On March 7, 2000, petitioner was charged with criminal homicide, murder in the

first-degree, murder in the third-degree, two counts of aggravated assault, firearms not to be

carried without a license, possessing an instrument of crime and recklessly endangering another

person, and six counts of conspiracy.  The charges were the result of petitioner's fatal shooting of

Jose Osario Rodriguez on February 3, 2000 (No. CP-06-CR-6080-2003 (C.P. Berks Cty.)).

On February 3, 2004, the court convened a guilty plea and sentencing hearing.  In the case docketed at No. CP-06-CR-6080-2003, petitioner entered a guilty plea to murder in the third-degree and firearms not to be carried without a license.  The court sentenced him to an aggregate term of twenty to forty years imprisonment.  In the case docketed at No. CP-06-CR-4900-1999, the court removed petitioner from the ARD Program and he entered a guilty plea to receiving stolen property.  Petitioner was sentenced to serve a concurrent term of nine months to seven years imprisonment for this offense.

Petitioner did not file an appeal from his conviction and sentence for receiving stolen property.  However, petitioner did file a direct appeal on Docket No. CP-06-CR-6080-2003 (murder in the third-degree and related offenses).  On March 7, 2005, the Superior Court of Pennsylvania affirmed the judgment of sentence.  Commonwealth v. Feliz, 831 MDA 2004 (Pa. Super. Ct. Mar. 7, 2005).  Petitioner did not file any further appeals.

On February 16, 2010, petitioner filed a pro se petition for relief under the Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. in Docket No. CP-06-CR-6080-2003 only (murder in the third-degree and related offenses).  On October 5, 2010, the PCRA court dismissed the petition as untimely.  Commonwealth v. Feliz, No. CP-06-CR-6080-2003, slip op. at 6 (C.P. Berks Cty. Oct. 5, 2010) (Stallone, J.).  Petitioner did not file an appeal to the Superior Court of Pennsylvania.

On October 25, 2015, petitioner executed, and later filed, a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania (Doc. 1).  On November 16, 2015, the court transferred the petition to this court.  In the habeas petition,

2

petitioner raises one ground for relief that involves both of his cases in state court, Docket Nos. CP-06-CR-4900-1999 and 6080-2003.

On February 19, 2016, the District Attorney General for Berks County filed a Response to the petition and argued that the petition is barred by the one-year statute of limitations applicable to federal habeas corpus petitions (Doc. 7).  On March 3, 2016, the petitioner filed a Traverse (Doc. 8).

II.  **DISCUSSION**

**Timeliness of the Petition**

A habeas petition must be filed in a timely manner.  Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2)    The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).  With respect to the conviction for receiving stolen property and conspiracy

(No. CP-06-CR-4900-1999), the judgment of sentence became final on March 4, 2004, thirty

days after he entered his guilty plea and was sentenced on February 3, 2004.  Petitioner did not

file a direct appeal to the Superior Court of Pennsylvania.[1]  See Pa. R. App. P. 903(a) (appeal

must be filed within thirty days).  Thus, petitioner had one year after his sentence became final to

file his federal habeas petition, establishing a due date of March 3, 2005.  Petitioner, however,

did not execute his petition until October 25, 2015, more than ten years after the expiration of the

statute of limitations.[2]

In Docket No. CP-06-CR-6080-2003 (murder in the third-degree and related

offenses), the judgment of sentence became final on April 6, 2005, thirty days after it was

affirmed on appeal by the Superior Court when the time to seek review in the Supreme Court of

Pennsylvania expired.  See Pa. R. App. P. 1113(a) (thirty days to seek review in Supreme Court

of Pennsylvania).  Thus, petitioner had until April 6, 2006 to file his federal petition for a writ of

---

[1]    None of the alternate start dates allowed in § 2244(d)(1) are applicable in the instant cases.

[2]    In accordance with the "mailbox rule," which applies to all habeas petitions filed by pro se inmates, the court has used the date the petition was executed, October 25, 2015, not the date the petition was filed, as the date for calculating the timeliness of the habeas petition. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at  the moment he delivers it to prison officials for mailing to the district court").  While the habeas petition itself was not signed or dated, see Docs. 2 and 3, petitioner's Memorandum of Law attached to the petition was dated October 25, 2015.  Giving this pro se petitioner the benefit of every doubt, the court has used this date for calculating the timeliness of the petition.

habeas corpus.  However, petitioner did not execute his petition until October 25, 2015, more than nine years after the deadline expired.  The instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

### 1.    Statutory Tolling

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed petition for collateral relief.  See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).  Petitioner filed a PCRA petition in the state court on February 16, 2010 with respect to the judgment of sentence in Docket No. CP-06-CR-6080-2003 (C.P. Berks Cty.).  The state court ruled, however, that this petition was untimely and barred by the one-year statute of limitations applicable to PCRA petitions.  Commonwealth v. Feliz, No. CP-06-CR-6080-2003, slip op. at 6 (C.P. Berks Cty. Oct. 5, 2010) (Stallone, J.).  An untimely PCRA petition is not "properly filed" within the meaning of the AEDPA statute of limitations, and thus, will not toll the AEDPA statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 412-17 (2005).  See also Merritt v. Blaine, 326 F.3d 157, 165-68 (3d Cir.) (federal court bound by state court's determination that PCRA petition was untimely and not properly filed), cert. denied, 540 U.S. 921 (2003).  For all these reasons, the one-year AEDPA statute of limitations is not statutorily tolled in this instant case.[3]

---

[3]    The first and only PCRA petition filed by petitioner was filed on February 16, 2010.  Other subsequent motions were filed by petitioner relating to restitution, credit for time served, and to supplement the previously filed PCRA petition.  None of these motions are properly filed applications for PCRA relief that would have tolled the federal statute of limitations.  Furthermore, the motions were filed well after the federal statute of limitations expired, and thus would have no tolling effect.  See Leafey v. Kerestes, 2014 WL 5823067, at *5 (E.D. Pa. Nov. 7, 2014) (citing cases).

2.     **Equitable Tolling**

Although petitioner has not claimed that the AEDPA statute of limitations should
be equitably tolled in his habeas case, the court will consider whether the principles of equitable
tolling apply in this case because petitioner is proceeding pro se.  The Supreme Court of the
United States has held that the federal habeas statute of limitations is subject to equitable tolling.
Holland v. Florida, 560 U.S. 631, 647-49 (2010).  Equitable tolling is allowed only if petitioner
shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace v.
DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes
is 'reasonable diligence.'"  Id. at 653.  The Supreme Court recently reaffirmed that "the second
prong of the equitable tolling test is met only where the circumstances that caused a litigant's
delay are both extraordinary and beyond its control."  Menominee Indian Tribe of Wisconsin v.
United States, 136 S. Ct. 750, 756 (2016) (emphasis in original).

After examining petitioner's submissions carefully, the court finds they do not
show that the statute of limitations should be equitably tolled.  See generally Pace, 544 U.S. at
418 (petitioner bears burden of proving entitlement to equitable tolling); Ross v. Varano, 712
F.3d 784, 798 (3d Cir. 2013) (same).  Petitioner failed to show that he exercised reasonable
diligence in pursuing his federal habeas claims.  Petitioner offers no explanation for the
extremely late filing of the instant habeas petition.  Petitioner had until March 3, 2005 and April
6, 2006, respectively, to file timely habeas petitions in federal court with respect to his two state
court cases.  Instead, he waited more than nine years after his convictions became final before he
filed this habeas petition in federal court.  See Pace, 544 U.S. at  419 (petitioner's delay of five

months was a "lack of diligence" that precludes equitable tolling).  Nor has petitioner shown that extraordinary circumstances prevented him from filing a timely federal habeas petition.

Courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum.  Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  The Third Circuit emphasized that equitable tolling should be applied sparingly.  See LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.  As noted above, petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights.  This also is not a case where petitioner timely asserted his rights in the wrong forum.  Accordingly, equitable tolling does not apply.

## III.    CONCLUSION

**AND NOW**, this 22nd day of March, 2016, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations and that no certificate of appealability ("COA") be granted.[4]

---

[4]    The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The parties may file objections to the Report and Recommendation.  See Loc.

R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLASTUL FELIZ | : | CIVIL ACTION |
| v. | : | |
| BRENDA TRITT, <u>et al.</u> | : | NO. 15-6185 |

## **<u>ORDER</u>**

AND NOW, this      day of                , 2016, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

### **ORDERED**

1.       The Report and Recommendation is **APPROVED** and **ADOPTED**.

2.       The petition for a writ of habeas corpus is **DISMISSED** as barred by the statute of limitations, 28 U.S.C. § 2244(d).

3.       A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
JEFFREY L. SCHMEHL                    J.