IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLASTUL FELIZ,<br>    Petitioner,<br><br> v.<br><br>BRENDA TRITT, et al,<br><br>    Respondents. | CIVIL ACTION<br>NO. 15-6185 |

## ORDER

**AND NOW**, this 27th day of June, 2016, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

  1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

  2. The petition for writ of habeas corpus is **DISMISSED** as barred by the statute of limitations, 28 U.S.C. § 2244(d); and

  3. A certificate of appealability is not granted.[1]

---

[1] Petitioner filed the instant petition for writ of habeas corpus on October 25, 2015, claiming that "the Clerk of Courts of Berks County illegally change[d] the amount of fines and restitution ordered by the trial judge in [Berks County Court of Common Pleas] case numbers CP-06-CR-4900-1999 and 6080-2003." In his Report and Recommendation, Judge Rueter properly determined that Petitioner's claim is barred by the one-year statute of limitations in habeas matters. In his objections, Petitioner argues that he is not challenging his convictions, but rather is only challenging an alleged increase in the fines and costs that he had been ordered to pay by the sentencing judge. Petitioner argues that he did not become aware of this increase until May 15, 2015, and that his petition is therefore timely. However, even if Petitioner's habeas petition could somehow be found to be timely, he is still not entitled to habeas relief.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court stated that "[i]t is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ [of habeas corpus], that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. Preiser, 411 U.S. at 484. The Preiser Court found that the "core" or "heart" of habeas corpus is a challenge to the fact or duration of custody which seeks immediate or speedier release from that custody. Id. at 489, 498-500.

BY THE COURT:

/s/ Jeffrey L. Schmehl
**Jeffrey L. Schmehl, J.**

---

Further, the Third Circuit has held that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).

Therefore, although Petitioner is in custody under a state court judgment, the present petition does not challenge the legality of that conviction or the sentence of imprisonment imposed. Instead, it merely challenges the amount of restitution and fines, which does not raise a cognizable claim under 28 U.S.C. § 2254. Therefore, this does not give rise to a federal claim, but must be pursued in state court. Accordingly, Petitioner's habeas petition must be dismissed.